JS 44 CAND (Rev. 12/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MICHAEL ARMSTRONG

## DEFENDANTS
MERIDIAN FINANCIAL SERVICES INC.; and DOES 1 to 10, inclusive,

**(b)** County of Residence of First Listed Plaintiff  Anne Arundel
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Price Law Group
15760 Ventura Blvd., #1100, Encino, CA 91436
Telephone: (818) 907-2030

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692

Brief description of cause:
Unlawful Debt Collection Practices

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
according to proof

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)
*(Place an "X" in One Box Only)*
☒ SAN FRANCISCO/OAKLAND  ☐ SAN JOSE  ☐ EUREKA

DATE  05/18/2012    SIGNATURE OF ATTORNEY OF RECORD

G. Thomas Martin, III, Esq.  (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA  91436
T: (818) 907-2030; F: (818) 205-2730
tom@pricelawgroup.com

Attorneys for Plaintiff,
MICHAEL AMRSTRONG

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ARMSTRONG<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MERIDIAN FINANCIAL SERVICES INC.; and DOES 1 to 10, inclusive,<br><br>　　　　　Defendants. | Case No.: **C12-02711**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices)<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.　　This is an action for actual and statutory damages brought by Plaintiff, Michael Armstrong, an individual consumer, against Defendant, Meridian Financial Services Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and Rosenthal Fair Debt Collection

Practices Act, California Civil Code § 1788 *et seq.* ("RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that the Defendant transacts business here and Defendant's collection communications were received by Plaintiff here.

## III. PARTIES

3. Plaintiff, Michael Armstrong, is a natural person with a permanent residence in Contra Costa County, California. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

4. Upon information and belief the Defendant, Meridian Financial Services Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its office located at Asheville, North Carolina. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts

alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal. Civ. Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. As such, it qualifies as "debt," as defined by 15 U.S.C. § 1692a(5) and "consumer debt," as defined by Cal. Civ. Code § 1788.2(f).

7. Within one (1) year preceding the date of this Complaint, Defendant has attempted to collect an alleged debt from Plaintiff by telephone.

8. Within one (1) year preceding the date of this Complaint, Defendant began constantly and continuously placing collection calls to Plaintiff.

9. For instance and without limitation, Defendant has called Plaintiff on at least the following: February 4, 2012; February 7, 2012 (2 times); February 13, 2012; February 16, 2012 (2 times); February 21, 2012; February 27, 2012; March 2, 2012; March 12, 2012, March 14, 2012; March 21, 2012.

10. Defendant has called from the telephone number 828-365-1084.

11. Notwithstanding Plaintiff informing Defendant over the telephone on or around March 26, 2012 that he was represented by counsel and providing the attorney's contact information, Defendant continued to make collection calls to Plaintiff.

12. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

13. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

14. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## V.  FIRST CLAIM FOR RELIEF

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)**

15. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

16. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendant violated *§1692c(a)(2)* of the FDCPA by communicating with Plaintiff, knowing that he was represented by an attorney with respect to the alleged debt and having knowledge, or being able to readily ascertain, that

attorney's address and name, without the attorney having failed to respond within a reasonable period of time to a communication from the debt collector and without the attorney's consent to direct communication with the consumer; and

   (b)   Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   (c)   Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

   (d)   Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

## VI.   SECOND CLAIM FOR RELIEF

**(Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*)**

   17.   Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

   18.   Defendants violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

COMPLAINT

(a) Defendant violated *Cal. Civ. Code §1788.11d* of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated *Cal. Civ. Code §1788.11e* of the RFDCPA by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c) Defendant violated *Cal. Civ. Code §1788.17* of the RFDCPA by failing to comply with *§ 1692 et seq.* of the FDCPA, as noted above.

19. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the FDCPA and RFDCPA, Defendant is liable to the Plaintiff, Michael Armstrong, for actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Meridian Financial Services Inc., for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30;

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

E. For such other and further relief as the Court may deem just and proper.

## VII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Michael Armstrong, demands trial by jury in this action.

DATED: May 21, 2012

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP APC**

By: _____
G. Thomas Martin, III
Attorney for Plaintiff